IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50405
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AUSENCIO MAURICIO ROSALES-VEGA;
SERGIO ARMANDO PENA-VASQUERA,

Defendants-Appellants.

- - - - - - - - - -
Appeals from the United States District Court
for the Western District of Texas
USDC No. EP-97-CR-1115-1-DB
- - - - - - - - - -
January 21, 1999

Before KING, Chief Judge, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Ausencio Mauricio Rosales-Vega (Rosales) and Sergio Armando Pena-Vaquera (Pena), convicted following a bench trial of conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana, appeal the district's denial of their motions to suppress evidence.

Pena argues that the officers lacked probable cause to arrest him. The district court did not err in determining that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

probable cause supported his arrest.  See Ornelas v. United States, 517 U.S. 690, 696-97 (1996).

Pena also argues, for the first time on appeal, that the Government knowingly used the perjured testimony of Agent Randazzo during the hearing on his motion to suppress.  Pena has not demonstrated plain error with respect to this claim. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Rosales argues that the consent to search his residence was tainted by his purportedly illegal arrest and by the illegal arrest of his codefendants.  This argument lacks merit because the arrests were supported by probable cause.

Rosales also contends that his consent to search was not voluntary.  Rosales has not shown that the district court clearly erred in finding that his consent was voluntary.  See United States v. Tompkins, 130 F.3d 117, 121 (5th Cir. 1997), cert. denied, 118 S. Ct. 1335 (1998).  Further, absent voluntary consent, the evidence would be admissible under the inevitable discovery exception to the exclusionary rule.  See United States v. Lamas, 930 F.2d 1099, 1102-03 (5th Cir. 1991).

Rosales contends that the district court should have suppressed any statements he made prior to receiving a Miranda[**] warning.  The district court determined that all statements made by Rosales prior to his receiving a Miranda warning were inadmissable at trial.

AFFIRMED.

---

[**]  Miranda v. Arizona, 384 U.S. 436 (1966).